Ex parte GERLACH.

(District Court, S. D. New York. December 10, 1917.)

1. ARMY AND NAVY ⬤═44(2)—ARTICLES OF WAR—SCOPE—"PERSON ACCOMPANYING THE ARMIES OF THE UNITED STATES"—"SERVING WITH THE ARMIES OF THE UNITED STATES"—"IN THE FIELD."

Petitioner went to Europe as mate on a vessel apparently in use as a military transport. He was there discharged and sent back on an army transport. He volunteered to stand watch, and for several days did so, but finally refused to continue. For such disobedience to a military order of an army officer, he was tried by court-martial and sentenced to imprisonment. The second Article of War (Rev. St. § 1342, as amended by Act Aug. 29, 1916, c. 418, 39 Stat. 651 [Comp. St. 1916, § 2308a]), declaring that all retainers to the camp and all persons accompanying or serving with the armies of the United States, without the territorial jurisdiction of the United States, and in time of war all such retainers and persons accompanying or serving with the armies of the United States in the field, both within and without the territorial jurisdiction of the United States, are subject to the Articles of War. *Held*, that petitioner was a "person accompanying the armies of the United States" and was voluntarily "serving with the armies of the United States" at the time he disobeyed the order, and furthermore was in the field and without the territorial jurisdiction of the United States, within the meaning of the article, the words "in the field" not referring to land only, but to any place, whether on land or water, apart from permanent cantonments or fortifications where military operations are being conducted; and hence, under Articles of War, the court-martial had exclusive jurisdiction to try petitioner for his refusal to stand watch as directed.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ARMY AND NAVY ☜5—ARTICLES OF WAR—AUTHORITY OF CONGRESS.

Under Const. U. S. art. 1, § 8, authorizing Congress to raise and support armies, make rules for the government of land and naval forces, and make all laws which shall be necessary to carry into execution the following powers, Congress is authorized to enact articles of war, and it is within the power of Congress, in aid of the general war power, to make all retainers to the camp and all persons accompanying or serving with the armies of the United States, or in the field, subject to Articles of War, though not a part of the military personnel.

Application of Charles E. Gerlach for a writ of habeas corpus to obtain his release from imprisonment under a sentence of court-martial. Writ dismissed, and petitioner remanded to the custody of military authorities.

Silas B. Axtell, of New York City, for petitioner.

Francis G. Caffey, U. S. Atty., and Ben A. Matthews, Asst. U. S. Atty., both of New York City, for respondent.

AUGUSTUS N. HAND, District Judge. Charles E. Gerlach, an employé of the United States Shipping Board, went to Europe as mate on the steamship McClellan, a vessel apparently in use as a military transport, though this fact was not definitely proved. He was there discharged, and sent back on the El Occidente, an army transport, to New York. He volunteered to stand watch, and for several days did this, but finally refused to continue. For this disobedience to the order of an army officer, who was in command of the transport, he was tried by a court-martial and sentenced to five years' imprisonment.

The second Article of War (R. S. § 1342, as amended by Act Aug. 29, 1916, c. 418, 39 Stat. 651 [Comp. St. 1916, § 2308a]) reads as follows:

"The following persons are subject to the Articles of War: * * *

"(d) All retainers to the camp and all persons accompanying or serving with the armies of the United States without the territorial jurisdiction of the United States, and in time of war all such retainers and persons accompanying or serving with the armies of the United States in the field, both within and without the territorial jurisdiction of the United States, though not otherwise subject to" the Articles of War.

[1] I think Gerlach was a person accompanying the army of the United States, and also voluntarily serving with the armies of the United States at the time he disobeyed the order. I further hold that he was "in the field" and without the territorial jurisdiction of the United States within the meaning of the article. The words "in the field" do not refer to land only, but to any place, whether on land or water, apart from permanent cantonments or fortifications, where military operations are being conducted. In this case he was on an army transport, and peril from submarines existed when he refused to stand watch. The captain in charge of the vessel had, in my opinion, the right to call upon all persons on board to protect the transport in any way that seemed best in view of the danger. The section

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the Articles of War subjecting persons accompanying armies to military authority not only enables military officers to preserve order on the part of such persons, but also in the cases that it covers to call on them for assistance and direct their action while they are properly in the field of military operations. The court-martial, therefore, had exclusive jurisdiction by the terms of the Articles of War over this man, who not only accompanied the army, but volunteered to serve, unless the act of Congress, which adopted the Articles of War, is unconstitutional.

[2] Section 8 of article 1 of the Constitution is the source of authority for the Articles of War. Congress is thereby given power to raise and support armies, to make rules for the government of land and naval forces, and to make all laws which shall be necessary for carrying into execution the foregoing powers and all other powers vested by the Constitution in the government of the United States. The Articles were enacted in pursuance of the general war power, and ought to be given a broad scope in order to afford the fullest protection to the nation. The act is, in my opinion, constitutional. That an officer should be able to call upon a person accompanying the military forces to protect a transport and its occupants in time of danger, particularly where he had volunteered and indeed asked to stand watch as Gerlach had, is certainly within the fair object of the Articles of War, and is a reasonable exercise of authority.

The writ was properly dismissed, and the prisoner remanded to the custody of the military authorities.