STANLEY NAVRACEL, APPELLANT, v. CUDAHY PACKING COMPANY, APPELLEE.

FILED DECEMBER 30, 1922. No. 22198.

1. **Master and Servant:** WORKMEN'S COMPENSATION ACT: ACTION FOR DAMAGES. An employee, who comes within the provisions of the workmen's compensation act and has not affirmatively rejected it in the maner specified by such act, is held to have surrendered any action for damages that might otherwise have accrued to him under the factory act (Comp. St. 1922, secs. 7690, 7699), by reason of having been injured through machinery which was left unguarded by the employer, in violation of the factory act.

2.  ———:  ———:  WILFUL NEGLIGENCE.  Under the provisions of
the workmen's compensation law, the fact that the employer
may be found to be guilty of wilful negligence does not affect
the question of the compensation which the employee may re-
cover under the act, nor does it take the case from under the
operation of the act.

3.  ———:  ———:  ELECTION.  Where the employee is a minor,
19 years of age, being of an age where he is legally permitted
to work, and where the terms of the compensation law cover
his case, he will be held to have elected to come under the
act, where he does not reject it, and the remedies afforded him
by the compensation law will be exclusive of those statutory and
common-law remedies which he would have had, had he rejected it.

APPEAL from the district court for Douglas county:
CARROLL O. STAUFFER, JUDGE.  *Affirmed.*

*Frank L. McCoy* and *Weaver & Giller,* for appellant.

*Sears, Horan & Sears, contra.*

Heard before MORRISSEY, C. J., ROSE and FLANSBURG,
JJ., REDICK and SHEPHERD, District Judges.

FLANSBURG, J.

This was an action by the plaintiff, an employee of
the defendant Cudahy Packing Company, to recover dam-
ages for personal injuries sustained as the result of the
alleged negligence of the defendant company in failing
to guard certain machinery housed in its plant. It is
not questioned but that the accident arose out of and
in the course of the plaintiff's employment. The defense
was that the plaintiff, as an employee who had not for-
mally rejected the compensation law, came within its
provisions, and that its remedies were exclusive as against
any suit for damages against the employer, based on neg-
ligence for failure to comply with the factory act. The
trial court entered judgment in favor of the defendant,
and the plaintiff brings this appeal.

By the provisions of the factory act (Comp. St. 1922,
secs. 7690, 7699), every person operating a plant where
machinery is used is required to provide guards or

screens to protect employees from injury from shafting, gearing, etc., and any such person violating the provisions of the act is made "liable in damages to any person injured, as a result thereof." The factory act was originally enacted in 1911 (Laws 1911, ch. 67) and has been carried upon the statute books since, having been finally revised and amended in 1919. The workmen's compensation law was originally enacted in 1913. Laws 1913, ch. 198.

It is the plaintiff's contention that the factory act gives a specific right to damages, not affected by the compensation law; that the two acts are not inconsistent, but, if found to be inconsistent, the factory act, by the amendments and reenactment in 1919, was intended by the legislature, to the extent of the provisions embodied in the act, to work an implied repeal of provisions in the compensation law inconsistent therewith.

The two laws are not inconsistent, though they could not, obviously, be applied at the same time to a given case. Either the factory act or the compensation law must govern. The compensation law is not a compulsory law but is elective. It was enacted at a time when questions were being raised against compulsory compensation laws, that to require the employer to pay compensation for accidents happening to his employees where he was not at fault was taking his property without due process of law. Some of the courts sustained these objections to compulsory compensation acts and held, on that ground, that they were unconstitutional. *Ives v. South Buffalo R. Co.*, 201 N. Y. 271, 34 L. R. A. n. s. 162. The elective law was based upon another theory. It erected a statutory contract between all employers and employees, falling within its terms, who should not affirmatively, in a specified manner, reject the provisions of the act. By a failure to act the parties were presumed to have elected to come within the act and to have contracted with reference to it. The obligations, then, of the employer towards the employee,

under the compensation law, are in a sense contractual.

That the compensation law was intended to govern exclusively the matter of compensation for injuries received by employees in the employment covered by the act is shown by its express terms. It provides that by the election of the parties to come under the act they shall be held to have surrendered their rights "to any other method, form or amount of compensation or determination thereof than" that which is provided by the workmen's compensation schedule of awards. Comp. St. 1922, sec. 3034.

A case involving a very similar question to the one presented here is *Hilsinger v. Zimmerman Steel Co.,* 193 Ia. 708. That was a case where a general statute gave to a parent the express right to recover damages for injury to his minor son growing out of the negligence of such son's employer. The question was whether or not the compensation act affected the parent's rights under the general law. The court said: "The argument for the appellant is that the workmen's compensation act did not in terms repeal section 3471, and that its terms are not so repugnant to section 3471 that a repeal by implication should be found. To our minds, the question involved is not so much whether section 3471 has been repealed by implication, but whether the field of its application has been circumscribed or reduced by the operation of the compensation act. Assuming that the purpose of the compensation act was to cover the entire field of liability for industrial injury, section 3471 could still be operative outside of that field." The court in that case held that the minor employee, 18 years of age, came under the provisions of the compensation act, since he had not expressly rejected it, and that the remedies provided by that act were exclusive of any remedy to the parent under the general statute for damages.

So it can be said here: The factory act is still operative, unaffected by the compensation law, as to all employees who do not come within the provisions of the

compensation law, either where the parties reject the compensation act, or where the employment or the accident was one which was not covered by the compensation act. Compensation statutes of this character have generally been held to be exclusive of all other remedies, by reason of a surrender of those remedies by the parties coming under the act. *Shade v. Ash Grove Lime & Portland Cement Co.*, 92 Kan. 146; *Menter Co. v. Brock,* 147 Minn. 407; C. J., Workmen's Compensation Acts, sec. 156.

Plaintiff argues that the failure to guard machinery, in violation of the factory act, is wilful negligence on the part of the employer, and claims, where injury results from such conduct, that the occurrence does not constitute an accident, within the meaning of the compensation law. In the case of *McCarthy v. Village of Ravenna,* 99 Neb. 674, such a violation was held to constitute gross negligence.

The plaintiff lays particular stress upon the decision in *Adams v. Iten Biscuit Co.,* 63 Okla. 52, where the court, in passing upon the general constitutionality of a workmen's compensation law, declared. "A wilful or intentional injury, whether inflicted by the employer or employee, could not be considered accidental and therefore is not covered by the act." The facts in that case, however, did not show anything but ordinary negligence on the part of the employer, so that the statement of the court was only general, not being applied to any particular state of facts. There is a distinction between an employer causing a wilful or intentional injury, and being guilty of wilful or gross negligence, which negligence results in an injury, and we take it that the court, in making the general statement, had in mind that distinction. An employer could not, of course, be protected by the provisions of the compensation act where he intentionally inflicts an injury upon an employee. Such an injury could hardly be said to be one which would be incidental to the employment, or one which would arise from the operation of the employer's business.

Some of the compensation laws have a provision whereby an employer is made to pay an additional award where the injury is the result of his wilful or gross negligence. See note, Ann. Cas. 1916A, 787. In one, of those cases (*Sciola's Case,* 236 Mass. 407) a violation of a safety appliance law by an employer has been held not to constitute "wilful misconduct," within the meaning of the compensation act in that state. However that may be here, it is unnecessary to decide that question in this case, for, under the Nebraska law, there is no provision awarding a different amount of compensation to an employee who is injured through the wilful or gross negligence of the employer than the award allowed him in the case of any other accidental injury.

It is argued, since the plaintiff in this case was a minor, being of the age of 19 years, and since an employee is, brought under the provisions of the compensation law in a manner which is contractual, that the minor's contract, being a voidable one only, is not binding upon him, and that he may elect at any time whether to be bound by the provisions of the law or to resort to other statutory or common-law remedies outside of the compensation law. In one case *Moore x. Hoyt,* 116 Atl. (N. H.) 29, such has been held to be true. That question, however, must be controlled largely by the particular terms of the Nebraska statute. That the statute was intended to cover minor employees, who are legally permitted to work, is shown by its provisions. By the statute (Comp. St. 1922, sec. 3038) the term "employee" is defined to cover: "Every person in the service of an employer, including minors who are legally permitted to work under the laws of the state." And section 3055, Comp. St. 1922, provides, in case of an injury to a minor, when any right or privilege accrues to him under the act, he may, institute a proceeding through his guardian or next friend.

Where a minor is employed who is under the age at which minors are legally allowed to be employed under

the statutes, the contract of employment is in direct violation of law, and the minor cannot be presumed and held, by such a contract of employment, to have submitted himself to the provisions of the compensation act. *New Albany Box & Basket Co. v. Davidson*, 189 Ind. 57, and cases therein cited. But where the minor is above that age and is of an age where he is legally permitted to work, and where by the provisions of the law it is shown that he was intended to be bound by the provisions of the act where he does not reject it, it is held, in the absence of any rejection of the act by him in compliance with the provisions thereof, that he comes within it, and that the remedies afforded him by it are exclusive of those statutory and common-law remedies which he is presumed to have surrendered. *Young v. Sterling Leather Works*, 91 N. J. Law, 289; *Gilbert v. Wire Goods Co.*, 233 Mass. 570; *Hartman v. Unexcelled Mfg. Co.*, 93 N. J. Law, 418.

Our conclusion is that the plaintiff in this case not only came within the provisions of the workmen's compensation law and that he was bound thereby, but that the remedies afforded him under that law were exclusive of his right to bring an action for damages based upon the provisions of the factory act.

The judgment of the trial court is therefore

AFFIRMED.

---

The following opinion on motion for rehearing was filed May 26, 1923. *Rehearing denied.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ., BUTTON, District Judge.

LETTON, J.

The question involved being of much importance, argument was allowed, and has been had, upon a motion for rehearing. The former opinion is reported, *ante*, p. 506.

We have reexamined the question and are confirmed in the views expressed therein. In some states special provisions are made in the compensation laws for such cases, but here the legislature has left room for such remedial legislation, the need of which was not foreseen.

In England, where the injury was caused by the personal negligence or wilful act of the employer, or some person for whose default the employer is liable, the employee may, at his option, either claim compensation or sue for damages, and if within the time limited in the compensation law the employee bring an action to recover damages, and it is determined that the employer is not liable in such action, but that he would have been liable to pay the compensation, the action shall be dismissed, but the court may proceed to assess such compensation, and may deduct therefrom the costs caused by the plaintiff suing for damages. Eng. St., 6 Edw. VII, ch. 58; Workmen's Compensation Appeals (Eng.) 1912, 1913, pp. 29, 34. In Illinois the statute expressly provides: "When the injury to the employee was caused by the intentional omission of the employer to comply with statutory safety regulations, nothing in this act shall affect the civil liability of the employer.". Ann. St. Ill. 1913, sec. 5451. In Wisconsin and other states increased compensation is provided for. Cases having a bearing on the question involved are: *Knoll v. Shaler,* 192 N. W. (Wis.) 399; *Smith v. Western States Portland Cement Co.,* 94 Kan. 501; *Helme v. Great Western Milling Co.,* 43 Cal. App. 416; *Patten v. Aluminum Castings Co.,* 105 Ohio St. 1; *Toledo Cooker Co. v. Sniegowski,* 105 Ohio St. 161.

By failing to signify his election not to come under the provisions of the compensation act, the employee surrenders his right "to any other method, form or amount of compensation, or *determination thereof,* than as provided in part II of this article." Comp. St. 1922, sec. 3034.

The reenactment of the factory act, slightly changed,,

in 1919, in the compilation of the Civil Administrative Code, did not evidence any intention to narrow the compensation act. It would probably be wise to enact that an employer who is guilty of a wilful or negligent violation of a specific provision for the safety of his workmen prescribed by statute should be liable to an action for damages for such negligence, and that the injured employee should have his election whether he would sue, or rely on his right to compensation; but, as the law now stands, we adhere to the opinion that the only right of recovery is under the provisions of the workmen's compensation act.

Motion for rehearing

OVERRULED.