**FERES v. UNITED STATES.**

**No. 61, Docket 21426.**

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1949.

Decided Nov. 4, 1949.

536

Morris Pouser, Endicott, N. Y., for plaintiff-appellant.

H. G. Morison, Assistant Attorney General, Irving J. Higbee, United States Attorney, Edmund Port, Assistant United States Attorney, Syracuse, N. Y., and Paul A. Sweeney, Massillon M. Heuser and Morton Hollander, Attorneys, Department of Justice, Washington, D. C., for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order dismissing an action brought by the executrix under the will of Rudolph J. Feres, deceased, against the United States to recover damages under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The decedent, an army lieutenant, while on active duty in the service of the United States, was killed by fire in a barracks in Pine Camp, New York, a military post of the United States in which he had been required to be quartered by superior officers.

The complaint alleged negligence on the part of the officers who required the deceased to be quartered in barracks which they knew or should have known to be unsafe due to a defective heating plant and further negligence on the part of the fire guard assigned to the area in which the fire occurred and of the supervisors of the latter. Judge Brennan dismissed the complaint on the authority of United States v. Brooks, 169 F.2d 840. That decision was by a divided court in the Fourth Circuit. The majority in an opinion by Judge Dobie, in which Judge Watkins concurred, held that there could be no recovery on behalf of two soldiers who while on furlough and taking a pleasure drive suffered death and personal injury respectively through collision with an army truck. Judge Parker dissented on the ground that the language of the statute allowed suits by soldiers. The majority relied on the analogy to the decisions in this court refusing to allow naval personnel to recover damages under the Public Vessels Act, 46 U.S.C.A. § 781 et seq. Dobson v. United States, 2 Cir., 27 F.2d 807 certiorari denied 278 U.S. 653, 49 S.Ct. 179, 73 L.Ed. 563; Bradey v. United States, 2 Cir., 151 F.2d 742, 743, certiorari denied 326 U.S. 795, 66 S.Ct. 484, 90 L.Ed. 483, rehearing denied 328 U.S. 880, 66 S.Ct. 1348, 90 L.Ed. 1647.

The Supreme Court reversed the Court of Appeals for the Fourth Circuit in an opinion by Justice Murphy [Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 920], from which Justices Frankfurter and Douglas dissented. The majority allowed recovery on the ground that the "accident [to the soldiers] had nothing to do with the Brooks' army careers," and added, 337 U.S. at page 52, 69 S.Ct. at page 920, "were the accident incident to the Brooks' service, a wholly different case would be presented. We express no opinion as to it, but we may note that only in its context do Dobson v. United States, 2 Cir., 27 F.2d 807; Bradey v. United States, 2 Cir., 151 F.2d 742, and Jefferson v. United States, D.C., 77 F.Supp. 706, have any relevance. See the similar distinction in 31 U.S.C. § 223b, 31 U.S.C.A. § 223b."

The Tort Claims Act provides that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances * * *" 28 U.S.C.A. § 2674. There

are twelve exceptions to the Act,[1] but they relate to the cause of injury rather than to the character of a claimant who may seek to recover damages for his injuries. While they relieve the government in certain situations from liability to all persons including civilians, they do not mention soldiers specifically. There would seem to have been no reason for mentioning soldiers when the latter had not been treated as having claims for injuries incident to their service. See 31 U.S.C.A. § 223b. In the circumstances we see no reason for not adhering to the view we took as to damage claims of military personnel in Dobson v. United States, supra, and Bradey v. United States, supra, and that which Judge Chesnut took in Jefferson v. United States, D.C., 77 F.Supp. 706, now on appeal in the Fourth Circuit. If more than the pension system had been contemplated to recompense soldiers engaged in military service we think that Congress would not have left such relief to be implied from the general terms of the Tort Claims Act, but would have specifically provided for it. The only exception to this interpretation of the statute which seems to have been recognized by the Supreme Court in the Brooks case applied to situations where military personnel were not on active duty.

It might be thought that our conclusion is somewhat weakened by the fact that when the Tort Claims Act was introduced in Congress, H.R. 181, 79th Cong., 1st Sess., it contained a thirteenth exception, making the Act inapplicable to "Any claim for which compensation is provided by the Federal Employees Compensation Act, as amended, or by the World War Veterans Act of 1924, as amended." This exception was omitted in the Act as finally passed. However, the Federal Employees' Compensation Act, as amended, provided that as long as an employee is in receipt of compensation under that Act "he shall not receive from the United States any salary, pay, or remuneration whatsoever except in return for services actually performed, and except pensions for service in the Army or Navy of the United States * * *" 5 U.S.C.A. § 757. And the World War Veterans' Act of 1924, as amended, provided that "no other pension laws or laws providing for gratuities or payments in the event of death in the service", 38 U.S.C.A. 422.

1. 28 U.S.C.A. § 2680. Exceptions.
"The provisions of this chapter and section 1346 (b) of this title shall not apply to—
"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
"(b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.
"(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.
"(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States.
"(e) Any claim arising out of an act or omission of any employee of the Government in administering the provisions of sections 1–31 of Title 50, Appendix.
"(f) Any claim for damages caused by the imposition or establishment of a quarantine by the United States.
"(g) Any claim arising from injury to vessels, or to the cargo, crew, or passengers of vessels, while passing through the locks of the Panama Canal or while in Canal Zone waters.
"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.
"(i) Any claim for damages caused by the fiscal operations of the Treasury or by the regulation of the monetary system.
"(j) Any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war.
"(k) Any claim arising in a foreign country.
"(l) Any claim arising from the activities of the Tennessee Valley Authority.

shall be applicable to disabilities or deaths made compensable under the Act. Consequently, it would seem that the explanation for the omission of the thirteenth exception to the Tort Claims Act is that it was considered unnecessary. We do not, therefore, consider this omission sufficiently significant to require a result contrary to that we have reached.

For the foregoing reasons the order should be affirmed.