JOHNSON v. UNITED STATES.
THE PATROL BOAT NO. Q—14.
No. 6098.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1950.

Decided Dec. 16, 1950.

Roy L. Sykes and R. Arthur Jett, Norfolk, Va. (Jett, Sykes & Howell and Meyer Koteen, Norfolk, Va., on the brief) for appellant.

Leavenworth Colby, Sp. Asst. to the Atty. Gen., (H. G. Morison, Asst. Atty. Gen., George R. Humrickhouse, U. S. Atty., Richmond, Va., and John P. Harper, Asst. U. S. Atty., Norfolk, Va., on the brief) for appellee.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The important questions in this case are whether a civilian seaman on a public vessel of the United States who has been injured by the negligence of the operator of the ship has the right to recover damages from the United States under the Public Vessels Act, 46 U.S.C.A. §§ 781 to 790, notwithstanding he is entitled to compensation under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.; and if so, whether such a seaman who has elected to proceed and has received compensation under the Federal Employees' Compensation Act is relieved from the consequences of his election because he was a minor at the time he was injured and received the compensation.

On October 13, 1946 Herbert L. Johnson, the appellant, was a civilian deck hand aboard the patrol boat No. Q-14, a public vessel of the United States in service in the harbor of Norfolk, Virginia, and while on duty was severely burned under circumstances tending to show negligence on the part of a superior officer. On January 30, 1947, while still a patient in the United States Marine Hospital at Norfolk, he applied for compensation, and on April 18, 1947, after his release from the hospital, he filed a claim for a continuation of compensation. He received a total of $599.77 from the period October 20, 1946 to March 13, 1947, which was paid him in March, April and May, 1947. At the time of his injury he was 19 years of age; and at the time when he applied for and received the compensation he was 20 years of age. On June 17, 1948 he brought the present suit for damages against the United States under the Public Vessels Act, claiming the benefits of the Jones Act, 46 U.S.C.A. § 688. The District Judge was of the opinion that the libellant had the option to sue the United States in admiralty or to apply for compensation, but dismissed the suit because the libellant had applied for and accepted compensation.

The government contends that the libel should have been dismissed on both grounds. The question whether the Federal Employees' Compensation Act furnishes the exclusive remedy of a federal employee who is injured by the negligence of a merchant vessel of the United States was considered by us in U. S. v. Marine, 4

Cir., 155 F.2d 456. We there held, basing our decision in part upon an assumption made by the Supreme Court in Brady v. Roosevelt S. S. Co., 317 U.S. 575, '577, 63 S.Ct. 425, 87 L.Ed. 471, that a United States custom inspector, who was injured while he was leaving a merchant vessel of the United States under circumstances that would have entitled a private citizen to judgment against the United States under the Suits in Admiralty Act, 46 U.S.C.A. § 742, was entitled to maintain an action against the United States under that Act, and was not limited to a proceeding under the Federal Employees' Compensation Act. We called attention to the explicit provisions of the Suits in Admiralty Act that a libel in personam may be brought against the United States in the operation of a merchant vessel whenever, if the vessel was privately owned or operated, a proceeding in admiralty could be maintained against it, and we held that we were not empowered to limit the Act to persons outside the provisions of the Compensation Act in the absence of any such limitation in a statute which was intended to put the United States in relation to its merchant vessels on the same basis as private ships, except as to the seizure of the ship. In addition we pointed out that there was nothing in the Federal Employees' Compensation Act which limited a federal employee to the benefits of the Act,[1] although obviously he might not proceed under both Acts, and if he elected to sue under one, he had no claim under the other.

We see no reason to depart from this position. The present suit, however, was brought under the Public Vessels Act and the question remains whether this Act was intended to subject the government to the same sort of liability for the activities of its public vessels as it has for the activities of its merchant vessels under the Suits in Admiralty Act. The government strongly contends that there is a marked distinction between the activities of its public and its merchant vessels and that it cannot be supposed that it was the intent of Congress to open the courts to the complaints of civilian members of the crews of public vessels and thereby disclose the secret operations of its war vessels and subject the orders and actions of its naval officers to attack by their subordinates. Such a construction of the statute it is said would be so detrimental to the public interest and so destructive of military discipline that it must be rejected in the same manner that this court in Jefferson v. U. S., 4 Cir., 178 F.2d 518,[2] having regard for the peculiar relation that exists between a soldier and superior military authority, held that a member of the armed forces on active duty could not recover under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., for injuries caused by the negligence of an army surgeon; and it is pointed out that just as the Army or Navy man, in place of the right to sue the government for damages, enjoys the protection afforded by elaborate provisions for pay and allowances and retirement benefits, so the civilian seaman is entitled to relief under the Federal Employees' Compensation Act. Attention is especially called to Dobson v. U. S., 2 Cir., 27 F.2d 807, and Bradey v. U. S., 2 Cir., 151 F.2d 742, where, for like reasons, it was decided that a seaman in the naval forces on a public vessel of the United States may not recover damages from the United States for negligence of the vessel; and it is urged that this holding should logically be extended and applied also to civilian members of the crew of the public vessel.

The argument is not without persuasive force but we do not find it convincing, primarily because the special provisions which Congress has made for members of the armed forces do not apply to civilian seamen. The right to compensation for injuries under the federal statute was not established especially for the protection of seamen but for all government employees in general; and they were not confined to the remedy by way of compensation prior to the amendment of the Compensation Act in 1949 cited above. Furthermore, the con-

---

1. The statute has since been amended in this respect by the Act of October 14, 1949, Ch. 691, hereinafter referred to.

2. Affirmed by the Supreme Court 71 S.Ct. 153.

siderations of national security and military discipline do not apply with equal force to the smaller class of civilian seamen as to the naval personnel so as to justify the courts in ignoring the plain and comprehensive terms of the statute. That course may not be taken in any case unless the liberal construction leads to results so startling that they cannot reasonably be thought to have been within the legislative intent. U. S. v. American Trucking Ass'n, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345.

We are impressed with the liberal construction accorded the Public Vessels Act in Canadian Aviator, Ltd. v. U. S., 324 U. S. 215, 65 S.Ct. 639, 89 L.Ed. 901, where the Supreme Court held that the right accorded an injured party by the statute to recover damages caused by a public vessel of the United States should not, in frustration of the liberal intent of Congress, be narrowly construed to restrict the recovery to damages caused by the physical instrumentality of the vessel but should also embrace damages caused by the negligence of its operators. Again in American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011, notwithstanding some uncertainty in the legislative history, the court held that the recoverable damages were not limited to damages to property but included damages to persons as well.

The legislative history of the Federal Employees' Compensation Act does not militate against this conclusion. It was passed in 1916 before the statutes which now permit suits against the United States for maritime torts and for torts in general. It was devoid of the provision usually found in compensation statutes that the benefits conferred upon the employee are exclusive of any other recovery against the employer; but this omission is understandable since there was no preexisting right to sue the United States for tort. The question of a possible choice of remedies did not arise until permissive statutes, broad enough to cover government employees as well as private citizens, were enacted; and when that occurred in the case of a postal employee injured on a railroad operated by the

United States under the Federal Control Act of 1918, the court said in Dahn v. Davis, 258 U.S. 421, 429, 42 S.Ct. 320, 66 L.Ed. 696, that he had two remedies against the United States—one under that Act and one under the Compensation Act; but having accepted compensation under the first, he was barred from the second. Later in United States v. Marine,[3] supra, we held that the Suits in Admiralty Act offered a like choice to a federal employee who in that case was not a member of the crew of the ship; and in Brooks v. U. S., 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, it was held that a member of the armed forces, injured by the negligence of the United States while on leave, was not confined to relief under service men's benefit laws but was entitled to recover under the Federal Tort Claims Act. Only members of the armed forces on active duty have been denied the right to recover under these permissive statutes. Jefferson v. U. S., supra.

We find nothing in this history to support the government's argument; but it is further said that Congress recognized that compensation is the only remedy open to seamen on public vessels by the passage of the War Shipping Administration (Clarification) Act of 1943, 50 U.S.C.A.Appendix § 1291. That Act gave merchant seamen employed by the War Shipping Administration all the rights under law applicable to seamen on privately owned vessels and provided that they should not be considered as employees of the United States for the purposes of the Compensation Act; and further provided that the claims of such seamen should be enforced pursuant to the provisions of the Suits in Admiralty Act. It is contended that this statute was unnecessary if the right of seamen to sue under the Suits in Admiralty Act already existed. That right, however, had not then been adjudicated, and it is a safe assumption that the Act was passed to make clear and beyond controversy that seamen on government merchant vessels, who were exposed to great risks during the war, should have the same privileges as seamen on privately owned ships, and would not be

3. See also Mandel v. U. S., D.C.E.D.Pa., 74 F.Supp. 754.

confined to the amount of damages fixed by the Compensation Act. The intention of Congress to exclude civilian seamen on government vessels from the broad terms of the Public Vessels Act cannot be derived from this course of legislation.

■ In 1949 Congress passed an amendment to the Federal Employees' Compensation Act for the obvious purpose of confining the liability of the United States for injury or death of an employee to the compensation provided by the statute. See Sections 201(b), 303(g) and 305(b) of the Act, approved October 14, 1949, Ch. 691, U. S. Cong. Serv., 81 Cong., 1st Sess. 866 et seq., 5 U.S.C.A. §§ 757, 791—4. This enactment put an end to the option found to exist in the decision of this court in U. S. v. Marine, supra. But Section 201(b) was expressly limited during the progress of the bill through the Senate by a provision that it should not apply to a master or a member of the crew of any vessel; and in the debate on the floor the purpose of the limitation was stated to be to preserve the rights of seamen and to leave them in exactly the position in which they then were. 95 Cong.Rec. 13874-5. The Clarification Act had already provided that seamen employed by the War Shipping Administration should not be considered as employees of the United States for the purpose of the Compensation Act; but the Amendment of 1939 was not limited to such seamen but applied to the members of the crew of any vessel. See Militano v. U. S., 2 Cir., 156 F.2d 599. This enactment is relevant to the present discussion, if at all, in that it indicates the same purpose disclosed in the earlier statutes to enlarge rather than restrict the rights of seamen to recover for personal injuries from the United States.

The legislative history of the Public Vessels Act which is set out in Canadian Aviators, Ltd. v. U. S., 324 U.S. 215, 218, 65 S.Ct. 639, 89 L.Ed. 901, and in American Stevedores v. Porello, 330 U.S. 446, 450, 67 S.Ct. 847, 91 L.Ed. 1011, discloses the same general purpose. In our opinion the government's position is not supported by the circumstances under which the foregoing statutes were enacted.

It follows that the decision of the District Judge on the first point must be sustained and the effect of the plaintiff's acceptance of compensation upon his right to recover in the present suit must be determined. The employment of many persons under legal age makes it highly desirable that awards of compensation to them shall possess the same finality as awards to persons of full maturity; and this result has been accomplished in the compensation acts of many jurisdictions by provisions which expressly or impliedly treat minors as *sui juris* and endow them with full capacity in their own right or in the name of guardians or next friends to proceed under the Act.[4]

In the absence of such provisions the common law disability of minors to enter into a binding contract has been given effect. Schofield v. E. R. Bates & Co., 90 N. H. 422, 10 A.2d 227; Stephens v. Dudbridge Iron Works Co., 2 K.B. 225.

■ There is no corresponding provision in the Federal Employees' Compensation Act, probably because compensation was the only source of relief for an injured employee of the government at the time; and we think that it is beyond our power to read the statute as if it contained such an enactment and thereby amend pro tanto the accepted rule as to the legal disability of minor persons. We are unable

4. Wells v. Radville, 112 Conn. 459, 153 A. 154; Young v. Sterling Leather Works, 91 N.J.L. 289, 102 A. 395; Mains v. J. E. Harris Co., 119 W.Va. 730, 197 S.E. 10, 117 A.L.R. 511; B. E. Hewett Lumber Co. v. Brumfield, 196 Ky. 723, 245 S.W. 858; Humphries v. Boxley Bros. Co., 146 Va. 91, 135 S.E. 890, 49 A.L.R. 1427; Gilbert v. Wire Goods Co., 233 Mass. 570, 124 N.E. 479; Navracel v. Cudahy Packing Co., 109 Neb. 506, 191 N.W. 659, 193 N.W. 768; King v. Union Oil Co., 144 Or. 655, 24 P.2d 345, 25 P.2d 1055.

In the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., it is provided in § 933(h) that the deputy commissioner may, if the person entitled to compensation is a minor, make any election between accepting compensation under the Act or suing a third person for damages, or may authorize the parent or guardian of the minor to make such election.

to follow in this respect such decisions as Gilbert v. Wire Goods Co., 233 Mass. 570, 124 N.E. 479, which hold that minors should be treated as *sui juris* under the state compensation Act because the act did not in terms exclude them but included "every person in the service of another under any contract of hire." In our opinion the definition of the term "employee" contained in Section 40 of the Federal Act, 5 U.S.C.A. § 790, to include "all civil officers and employees of all branches of the Government of the United States" should be taken to extend to minors the benefits of the Act, but not to deprive them of the protection with which the law surrounds persons below the legal age. The result is that the plaintiff should be allowed to proceed with his case under the Public Vessels Act but should be required to credit monies he has received upon any recovery which he may make.

█ █ This decision is the more appropriate since the plaintiff is a seaman and the long established rule that seamen are the wards of admiralty is still given full force and effect. In Garrett v. Moore, McCormick Co., 317 U.S. 239, 248, 63 S.Ct. 246, 252, 87 L.Ed. 239, it is said "that the burden is upon one who sets up a seaman's release to show that it was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights."

The judgment of the District Court will be reversed and the case remanded for further proceedings.

Reversed and remanded.