**JOHANSEN v. UNITED STATES.**

No. 275, Docket 22012.

United States Court of Appeals
Second Circuit.

Argued May 4, 1951.

Decided July 30, 1951.

William L. Standard, New York City, for libellant-appellant, Louis R. Harolds, New York City, of counsel.

Holmes Baldridge, Asst. Atty. Gen., Irving H. Saypol, U. S. Atty., New York City, Leavenworth Colby, Sp. Asst. to Atty. Gen., Martin J. Norris, Atty. Dept. of Justice, New York City, for respondent-appellee.

Before L. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This appeal requires us to decide whether a civil service employee of the United States who is employed as a member of the crew of an army transport may sue the government, under the Public Vessels Act, 46 U.S.C.A. §§ 781–790, to recover for personal injuries received in line of duty, or must accept as sole compensation an award under the Federal Employees Compensation Act, 5 U.S.C.A. § 751 et seq.

The appellant, Johansen, was a member of the crew of the U. S. A. T. "Kingsport Victory" as a civil service employee of the United States and not as a member of the armed forces. We understand that the parties agree that the transport was engaged in a military operation when he was, on August 5, 1949, hit by falling lumber and injured, allegedly because of the negligence of the appellee or because of the unseaworthiness of the vessel. He was admitted to a marine hospital where he received treatment until, on October 24, 1949 he was discharged as cured.

The appellant was informed by his superiors, acting on behalf of the United States, that he, as a member of the civil service component of the crew of an army transport, had no right against the United States except to receive compensation benefits under the United States Employees Compensation Act. Believing this informa-

tion to be correct and induced by it, he duly made application for such benefits and was awarded and paid in all $358.20. On November 7, 1949, he resumed his duties on full pay and his compensation payments were terminated. He then brought this suit, and appeals from a judgment which dismissed his libel on the ground that the acceptance of the compensation award was an election constituting a waiver of whatever right to sue he may have had.

We need not decide whether the appellant is disabled from bringing this suit by an election to accept a compensation award; since, the government not having consented to be sued, that was his only remedy.

If Johnson v. United States, 4 Cir., 186 F.2d 120, is to be read as holding that a civilian seaman on a patrol boat may sue the United States under the Public Vessels Act for injuries suffered in military operation, we are, with deference, constrained to disagree. This case falls within the category to which Bradey v. United States, 2 Cir., 151 F.2d 742, certiorari denied 326 U.S. 795, 66 S.Ct. 484, 90 L.Ed. 483, belongs. We there held, following Dobson v. United States, 2 Cir., 27 F.2d 807, certiorari denied 278 U.S. 653, 49 S.Ct. 179, 73 L.Ed. 563, that a naval enlistee serving as a member of the crew of a public vessel was not permitted by the Public Vessels Act to sue the government for personal injuries received in line of duty, and that such injuries were compensable only under the special provisions of law applicable to naval personnel. We took it to be a significant indication of the intent of Congress that it had, by the War Shipping Administration (Clarification) Act of March 24, 1943, 57 Stat. 45, 50 U.S.C.A.Appendix § 1291 et seq., given to officers and crew members employed by the War Shipping Administration a right to sue the United States for death or injury, but denied them the benefits of compensation as United States employees. Similarly, in Feres v. United States, 2 Cir., 177 F.2d 535, affirmed 340 U.S. 135, 71 S.Ct. 153, we held that an employee entitled to compensation as a member of the armed forces was precluded by that right from maintaining suit against the government under the Tort Claims Act for injuries received in line of duty.

Since the appellant would have been limited to suit if he had been employed aboard a merchant vessel of the United States, and to compensation if a member of the military service, allowing him but one means of recovery will appropriately fit "into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole." Feres v. United States, 340 U.S. 135, 139, 71 S.Ct. 153, 156.

Nor is it unreasonable to impute to Congress an intention to confer similar rights upon civilian and military members of the crew of a public vessel. The civilian component of the crew of an army transport is subject to military law just as the enlisted part of the crew. Ex parte Falls, D.C.N.J., 251 F. 415; Ex parte Gerlach, D.C.S.D.N.Y., 247 F. 616. Obedience by all members of the crew under the same sanctions may well be indispensable to the required maintenance of discipline in a military operation. Suits by civilian seamen, no less than by military personnel, would require judicial re-examination of the conduct of military affairs. We should not, without clear warrant in the statutory language, attribute to Congress an intent to permit civilian members of the crew of such a vessel to have an election denied enlisted members of the crew. The first have their rights under the Federal Employees Compensation Act, the second their rights as enlisted men to be compensated for service-connected injuries; the first, no more than the second, have been given the right to elect to sue the government rather than to accept such compensation.

Affirmed.

FRANK, Circuit Judge (dissenting).

I agree with the reasoning of Johnson v. United States, 4 Cir., 186 F.2d 120. Accordingly, I think libellant had an election. The government, at oral argument, agreed that libellant's superiors led him to believe that his sole remedy was under the Compensation Act. I think, therefore, that he never actually exercised his election.