**Patricia VAN SICKEL, Michael John Van Sickel, Patricia Ann Van Sickel, et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 16841.**

United States Court of Appeals Ninth Circuit.

Dec. 15, 1960.

Grace M. Wallis, Oakland, Cal., Harry I. Sky, Beverly Hills, Andreasen Thompson & Gore, Oceanside, Cal., for appellants.

George C. Doub, Asst. Atty. Gen., Morton Hollander, Mark R. Joelson, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, HAMLIN and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Appellants appeal from the order of the district court dismissing their complaint filed against the United States for damages which it is alleged they sustained because of the allegedly wrongful death of Sergeant Donald Francis Van Sickel [the deceased husband of appellant Patricia Van Sickel, and the deceased father of the .other appellants who are minor children of the decedent and appellant Patricia Van Sickel] who, while on active duty in the United States Marine Corps at Camp Pendleton, California, was admitted to the United States Naval Hospital at Camp Pendleton, California, for the purpose of having an operation performed on him. The complaint alleges that the United States "acting through its agents, servants and employees, carelessly, negligently and unskillfully operated on, cared for, and re-operated on said" decedent, and that he died as a direct and proximate result of the negligence, carelessness and unskillfulness of the United States, acting through such agents and employees.

Jurisdiction of the district court was based on the Federal Tort Claims Act, Title 28 U.S.C.A. §§ 1346(b), 2674 et seq.[1] This Court has jurisdiction under Title 28 U.S.C.A. §§ 1291 and 1294.

The complaint alleges that the action is brought "under the provisions of the Code of Civil Procedure of the State of California, Section 377 thereof, being Part 2 of Title 3 thereof."[2] It is further alleged in the complaint that by reason of the wrongful death of the decedent, the appellant Patricia Van Sickel has been damaged in the sum of $200,000, and that the other appellants have been damaged in the sum of $37,500 respectively.

In granting the motion of the United States to dismiss the complaint, the district court rested its decision on the decision of the Supreme Court of the United States in Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. The Feres decision involved Feres v. United States, Jefferson v. United States, and Griggs v. United States, three suits brought against the United States under the Federal Tort Claims Act. All three cases concern servicemen in the United States armed forces who "while on active duty and not on furlough, sustained injury due to negligence of others in the

1. "§ 1346. United States as defendant.

\* \* \* \* \*

"(b) \* \* \* the district courts \* \* \* shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Title 28 U.S.C.A. § 2674:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, \* \* \*"

2. Section 377 of the California Code of Civil Procedure provides in pertinent part:

"When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children \* \* \*, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, \* \* \*. If any other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person \* \* \*. In every action under this section, such damages may be given as un .er all the circumstances of the case, may be just \* \* \*. The respective rights of the heirs in any award shall be determined by the court. \* \* \*"

armed forces"; Feres v. United States, supra, 340 U.S. at page 138, 71 S.Ct. at page 155.

The Supreme Court summarized these three cases as follows:

"The Feres case: The District Court dismissed an action by the executrix of Feres against the United States to recover for death caused by negligence. Decedent perished by fire in the barracks at Pine Camp, New York, while on active duty in service of the United States. Negligence was alleged in quartering him in barracks known or which should have been known to be unsafe because of a defective heating plant, and in failing to maintain an adequate fire watch. The Court of Appeals, Second Circuit, affirmed.[1]

"The Jefferson case: Plaintiff, while in the Army, was required to undergo an abdominal operation. About eight months later, in the course of another operation after plaintiff was discharged, a towel 30 inches long by 18 inches wide, marked 'Medical Department U. S. Army,' was discovered and removed from his stomach. The complaint alleged that it was negligently left there by the army surgeon. The District Court, being doubtful of the law, refused without prejudice the Government's pretrial motion to dismiss the complaint.[2] After trial, finding negligence as a fact, Judge Chesnut carefully reexamined the issue of law and concluded that the Act does not charge the United States with liability in this type of case.[3] The Court of Appeals, Fourth Circuit, affirmed.[4]

"The Griggs case: The District Court dismissed the complaint of Griggs' executrix, which alleged that while on active duty he met death because of negligent and unskillful medical treatment by army surgeons.

The Court of Appeals, Tenth Circuit, reversed and, one judge dissenting, held that the complaint stated a cause of action under the Act.[5]

The Supreme Court affirmed the judgments in the Feres and Jefferson cases, and reversed the judgment in the Griggs case.

█ Appellants recognize that under decisions of the Supreme Court of the United States the Federal Tort Claims Act does not create new causes of action, but rather operates to waive sovereign immunity under "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See United States v. Feres, supra; United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139; Indian Towing Company v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48. Appellants concede that under the decision in Feres if Sergeant Van Sickel had survived the alleged negligent treatment and operation of the agents and employees of the United States Naval Hospital he could not have maintained an action to recover for alleged injuries sustained under the Federal Tort Claims Act. Appellants earnestly contend that the holding in Feres is and must be restricted to claims of servicemen in the United States armed forces who while on active duty and not on furlough sustain injury due to the negligence of others in the armed forces.

Appellants contend that they are not seeking to recover for the injuries sustained by the decedent, but are seeking recovery against the United States for the damages alleged to have been sustained by them arising out of the allegedly negligent acts or omissions of the agents and employees of the United States, and therefore recovery by them for their damages under the Federal Tort Claims Act is not precluded by Feres if, in accordance with the law of the place

[1]. 177 F.2d 535.

[2]. 74 F.Supp. 209.

[3]. D.C., 77 F.Supp. 706.

[4]. 178 F.2d 518.

[5]. 178 F.2d 1."

where the act or omission occurred, the United States, if a private person, would be liable to them.

Appellants then point out that their action was brought under the provisions of Section 377 of the Code of Civil Procedure of the State of California, which gives them a new and original cause of action which is separate and distinct from any cause of action which the decedent, if he had survived, may have had against the alleged wrongdoer, which action is not subject to the limitations or defenses applicable to whatever claim the decedent himself had. We are satisfied from our review of the California law that the cause of action granted by Section 377 to the heirs and personal representatives of a decedent is not derivative in character or a continuation or revival of a cause of action existing in the decedent before his death, but is an original and distinct cause of action granted to the heirs and personal representatives of the decedent to recover damages sustained by them by reason of the wrongful death of the decedent. We are also satisfied under California law that appellants' cause of action accrued at the date of the death of the decedent and not before, and that the cause of action is not subject to the limitations or defenses which might be asserted against an action instituted by the decedent had he survived. Earley v. Pacific Electric Railway Co., 176 Cal. 79, 167 P. 513, L.R.A.1918A, 997; Rovegno v. San Jose Knights of Columbus Hall Ass'n, 108 Cal.App. 591, 291 P. 848; Blackwell v. American Film Co., 189 Cal. 689, 209 P. 999; Pacific Employers Insurance Co. v. Hartford, etc., 143 Cal.App.2d 646, 299 P.2d 928; Marks v. Reissinger, 35 Cal.App. 44, 169 P. 243.

Appellee apparently concedes the foregoing construction of Section 377, for it states:

"We have no quarrel with appellants' contention that the California Wrongful Death Act provides a decedent's family with a claim for his death which is founded upon the injuries suffered by the family and which is entirely independent of the decedent's rights."

Appellee states its position as follows:

"However, we believe the nature of the California Wrongful Death Act to be irrelevant in the case at bar. For appellants' reading of the Feres decision—a reading which, in effect, emasculates the decision—is incorrect. Feres unequivocally held that the United States may not be held liable under the Tort Claims Act for a claim which is predicated upon service-connected death or injury inflicted upon a serviceman, regardless of whether the claim is for damages sustained by the serviceman, himself, or by his dependents, and regardless of the provisions of local law."

In support of appellee's position, it is to be noted that of the three cases before the Supreme Court in Feres, two of them were instituted by executrices to recover damages claimed to have been sustained by reason of the death of servicemen while in active service due to alleged negligence on the part of others in the armed forces. The Griggs case was instituted in reliance on the wrongful death statute of the State of Illinois, and the Feres case was instituted in reliance on the wrongful death statute of the State of New York. It is further to be noted that the Supreme Court's opinion makes no reference whatsoever to the provisions of the Illinois and New York wrongful death statutes.

Appellants seek to distinguish the results in the Griggs and Feres cases by pointing out that the Illinois and New York statutes, unlike the California statute upon which appellants rely, provide "that an executrix has only the right the serviceman would have had had he lived", whereas the California statute does not permit the assertion of defenses which would have been available against the decedent. It is for such reason, appellants contend, that the Supreme Court held against the executrices in the Feres and Griggs cases. As indicated, there is nothing in the Feres opinion which sup-

ports the distinction sought to be made by the appellants, and in our view such distinction is without significance in the context of the Federal Tort Claims Act.

In denying recovery in the three cases involved in Feres, one of which involved an injury claim on behalf of the serviceman himself, and the other two of which involved death claims, we believe that the plain holding of the Supreme Court is that, regardless of the provisions of the local wrongful death statute, a wrongful death suit may not be brought against the United States by a serviceman's family where the death complained of occurred while the serviceman was on active duty and not on furlough and the death was due to the negligence of others in the armed forces. While appellants' claimed cause of action may have accrued under California law upon the death of Sergeant Van Sickel, its genesis must go back to the in-service injury alleged to have been sustained by him due to the negligence of others in the armed services. To uphold appellants' contention would mean that recovery against the government would depend upon the accident of geography. As stated in the Feres case, 340 U.S. at page 143, 71 S.Ct. at page 158, "That the geography of an injury should select the law to be applied to his tort claims makes no sense." And "It would hardly be a rational plan of providing for those disabled in service by others in service to leave them dependent upon geographic considerations over which they have no control and to laws which fluctuate in existence and value."

From a careful review of the broad language of the Supreme Court in Feres, and after due consideration of the analogies and the reasons therein set forth in support of the result reached, it is our view that if sovereign immunity is to be restricted so as to permit recovery in cases of the type of the instant case, such restriction should be made by the Supreme Court and not by this Court.

This is particularly true in view of the following language in Feres, appearing at page 146 of 340 U.S., at page 159 of 71 S.Ct.:

"We do not think that Congress, in drafting this Act [Federal Tort Claims Act], created a new cause of action dependent on local law for service-connected injuries or death due to negligence. We cannot impute to Congress such a radical departure from established law in the absence of express congressional command."

The order appealed from is affirmed.