Aida Guzman De **FONT** et al., Plaintiffs-Appellants,

v.

**UNITED STATES** of America et al., Defendants-Appellees.

No. 71-1124.

United States Court of Appeals, First Circuit.

Heard Nov. 16, 1971.

Decided Jan. 6, 1972.

Antonio Montalvo-Nazario, San Juan, P. R., with whom Segurola & Montalvo, San Juan, P. R., was on brief, for plaintiffs-appellants.

Morton Hollander, Atty., Dept. of Justice, with whom L. Patrick Gray, III, Asst. Atty. Gen., Julio Morales-Sanchez, U. S. Atty. and Robert M. Feinson, Atty., Dept. of Justice, were on brief, for defendants-appellees.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT *, Senior Circuit Judge, and STEPHENSON *, Circuit Judge.

PER CURIAM.

Plaintiffs appeal from dismissal of their complaint under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2674) for damages sustained as a result of malpractice injury to their deceased husband and father. The trial court dismissed on the basis of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L. Ed. 152 (1950). The complaint alleges that the treatment evaluation and medical care given decedent by various army physicians and hospitals was "deficient, negligent and unwarranted, causing extreme pain, mental disorder and anguish" to deceased and his wife, and that "plaintiffs have suffered the loss of companionship, the loss of father's ability to produce income and support to both plaintiffs, which are calculated in the amount of $884,000."

Initially, we observe that the plaintiffs, in opposition to the Government's motion to dismiss, contend *Feres* does not control because plaintiffs were not members of the Armed Forces at the time of the negligent act and the injuries received by both plaintiffs did not arise out of, or in the course of, activity incident to service because both plaintiffs were civilians at the time the injuries and damages were suffered. Plaintiffs contend that as wife and child of decedent they have a separate and independent cause of action for mental suffering and anguish under the Civil Code

* Of the Eighth Circuit, sitting by designation.

of Puerto Rico. 31 L.P.R.A. § 5141. See Commercial Union Insurance Company v. Gonzalez Rivera, 358 F.2d 480, 482–483. (C.A.5 1966). The mere fact that the cause of action is not derivative under local law, but is an original and distinct cause of action granted to the heirs and personal representatives to recover damages sustained by them by reason of the wrongful death of the decedent, does not remove it from the prohibition of *Feres*. Van Sickel v. United States, 285 F.2d 87 (C.A.9 1960); United States v. Lee, 400 F.2d 558 (C.A.9 1968), cert. denied, 393 U.S. 1053, 89 S.Ct. 691, 21 L.Ed.2d 695 (1969). In *Feres*, 340 U.S. at p. 143, 71 S.Ct. 153, the Supreme Court made it clear that an accident of geography would not be determinative of the applicable law. The controlling rule is that the Government is not liable under the Act "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," *Feres* at p. 146, 71 S.Ct. at 159.

In the case at hand, the damage claim for loss of "companionship," "father's ability to produce income and support to both plaintiffs" is, under the allegations of the complaint, incident to decedent's service. On this basis the trial court was fully justified in dismissing the complaint. However, we further note that in appellant's brief and argument before this Court it is claimed that appellant wife "was present throughout the treatment and witnessed and suffered the grave consequences of the inadequate care given to her husband." Although appellants' prayer for damages refers only to "loss of companionship" and to loss of the decedent's "ability to produce income," appellants also apparently raise some claim of a separate and independent tort to the wife based on mental anguish arising from her observations of the inadequate care given her deceased husband. *See* Prosser, The Law of Torts, 181 (2d ed. 1955). Even if this claim were adequately specified and damages claimed therefor, we are satisfied that this allegation would not remove the incident-to-service limitation of *Feres*. We would be unwilling to depart therefrom even if we were able to do so. *Cf*. Hall v. United States, 451 F. 2d 353 (1st Cir. 1971).

Affirmed.