DENNIS R. EDELMAN, APPELLANT, V. RALPH PRINTING AND LITHOGRAPHING, INC., A CORPORATION, ET AL., APPELLEES.

205 N. W. 2d 340

Filed March 9, 1973. No. 38649.

Daniel G. Dolan of Lathrop, Albracht & Dolan, for appellant.

C. L. Robinson of Fitzgerald, Brown, Leahy, McGill & Strom, for appellees.

Heard before WHITE, C. J., BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

Smith, J.

A personal injury action by an employee against his employer under statutory requirements relating to safety devices for machinery was dismissed on demurrers. A ground of dismissal was failure of plaintiff's amended petition to state a cause of action.

Plaintiff appeals, assigning for error the ruling as follows: "The trial court erred in sustaining the demurrer . . .; the legislature may not constitutionally bar the plaintiff's cause of action under the Factory Act." See §§ 48-409 and 48-422, R. R. S. 1943.

According to the amended petition, the employer, Ralph Printing and Lithographing, Inc., in 1967 had installed a printing machine equipped with guards for the printing cylinders. Ralph Printing voluntarily removed these guards in spite of the opposite recommendation by the manufacturer. On December 20, 1971, plaintiff, an employee of Ralph Printing since May 1971, sustained the personal injuries which the removal of the guards caused.

The amended petition also alleged the following facts. Plaintiff had never elected not to become subject to the Workmen's Compensation Act. The workmen's compensation carrier of Ralph Printing, on account of the injuries, had paid total temporary benefits of $802 to plaintiff and medical expenses of $12,853.65.

The amended petition attacked the constitutionality of only one provision of the Workmen's Compensation Act, namely, the section that denied recovery under the act to an employee injured by reason of his intentional willful negligence or intoxication, section 48-127, R. R. S. 1943. The provision, plaintiff alleged, denied him equal protection of the law.

The Workmen's Compensation Act provides as follows: "If any employee . . . accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury . . ., such action shall constitute a release to such employer of

all claims or demands at law, if any, arising from such injury." § 48-148, R. R. S. 1943.

Recovery under the factory act was denied in Navracel v. Cudahy Packing Co., 109 Neb. 506, 191 N. W. 659 (1922), on the ground of the employee's election to be subject to the Workmen's Compensation Act. To the extent it may imply a necessarily different result under the Workmen's Compensation Act compulsory upon the employee, we disapprove it. Section 48-148, R. R. S. 1943, is effective whether the Workmen's Compensation Act is voluntary, semi-voluntary, or compulsory.

It is immaterial whether section 48-127, R. R. S. 1943, is constitutional. The payment of benefits and medical expenses by statute released Ralph Printing from the present claim. The amended petition alleged nothing to render section 48-148, R. R. S. 1943, inoperative.

AFFIRMED.