869 F.2d 593
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gala ADKINS: Gala Adkins, as Administratrix of the Estate
of Timothy J. Adkins, Plaintiffs-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-2573.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 11, 1989.
Decided: Feb. 2, 1989.
 
 Harold Fred Kuhn, Jr. (Moss, Dore, Kuhn & McIntyre, P.A., on brief), for appellant.
 John Harris Douglas, Assistant United States Attorney (Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge and KAREN LECRAFT HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This consolidated appeal arose from three actions brought by the spouse of a deceased serviceman whose death allegedly resulted from improper treatment given by Navy dental and medical personnel. The district court reluctantly dismissed the claims under Fed.R.Civ.P. 12(b) because the claims were barred under the Feres doctrine. Accordingly, we affirm.
 
 
 2
 In Feres v. United States, 340 U.S. 135, 146 (1950), the United States Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Although the Supreme Court has indicated at times a willingness to part with the per se application of this rule, see United States v. Shearer, 473 U.S. 52, 57 (1985) ("The Feres doctrine cannot be reduced to a few bright-line rules; each case must be examined in light of the statute as it has been construed in Feres and subsequent cases."), the Court recently affirmed such a per se approach in United States v. Johnson, 481 U.S. 681 (1987). This court is not free to ignore a recent and clear affirmation of the Feres doctrine, and therefore, must hold the plaintiff's wrongful death and survivorship actions barred.
 
 
 3
 The appellant also argues that, if this court refuses to overturn the Feres doctrine, then it should hold the doctrine inapplicable to claims for outrage or for emotional distress to bystanders. The appellant argues that Feres bars only actions derivative of a serviceman's injury, and that the appellant's emotional distress is not derivative. This argument is not persuasive.
 
 
 4
 Feres' broad proscription bars suits seeking redress for injuries derivative of harm done to a serviceman. Hinckie v. United States, 715 F.2d 96 (3rd Cir.1983), cert. denied, 465 U.S. 1053 (1984); Scales v. United States, 685 U.S. 970 (5th Cir.1982), cert. denied, 460 U.S. 1082 (1983); Monaco v. United States, 661 F.2d 129 (9th Cir.1981), cert. denied, 456 U.S. 989 (1982); Van Sickel v. United States, 285 F.2d 87 (9th Cir.1960). Emotional distress suffered by an injured serviceman's family as a result of the serviceman's condition derives from the serviceman's injury. Lombard v. United States, 690 F.2d 215 (D.C.Cir.1982) (wife's emotional distress derivative), cert. denied, 462 U.S. 1118 (1983); DeFont v. United States, 453 F.2d 1239 (1st Cir.) (spouse's bystander action for mental anguish and loss of consortium derivative), cert. denied, 407 U.S. 910 (1972). As the D.C. Circuit Court of Appeals observed in Lombard, an emotional injury to a spouse resulting from a physical injury to a serviceman, "while it has some incidence of being 'independent' in nature, basically ... has its genesis and relies upon 'injuries to servicemen where the injuries arise out of or are in the course of activity incident to [military] service.' " Lombard, 690 F.2d at 226. Because the appellant's outrage and bystander claims derive from the serviceman's injury, the district court's dismissal of these causes of action is affirmed.
 
 
 5
 AFFIRMED.