Thomas Shea *vs.* John Rettie.

Thomas P. Murphy *vs.* John N. Rettie.

Worcester.    September 25, 1933. — September 11, 1934.

Present: Crosby, Pierce, Field, & Donahue, JJ.

*Damages,* For tort.  *Police.*

At the hearing of an action by a police officer for personal injuries caused by negligence of the defendant, it appeared that the plaintiff for three weeks was wholly incapacitated for labor, that for a time thereafter he was unable to perform his regular duties as a police officer but was able to do and did do other and less exacting work for the police department; that regulations of the police department were to the effect that, when an officer was absent from duty on account of sickness or injury which was certified to by an approved physician, half pay was allowed for thirty days; that, in accordance with such regulation, the plaintiff was paid one half his regular pay for the first three weeks of his disability and thereafter received his regular pay during the period while he was unable to do his regular work but was able to and did perform other work for the police department. *Held,* that in assessing damages it was proper to disregard the fact that such payments of wages were made to the plaintiff.

Two actions of tort for personal injuries. Writs dated, respectively, September 14 and December 11, 1931.

In the Superior Court, the actions were referred to an auditor, and afterwards were heard together by *Dillon,* J., without a jury, upon reports by the auditor as the only evidence. Material facts found by the auditor are stated in the opinion. Judgments were entered for the plaintiffs in the sums of $4,903.40 and $973 respectively. The defendant alleged exceptions.

The case was submitted on briefs.

*H. F. Hathaway,* for the defendant.

*H. E. Manning,* for the plaintiff Shea.

*J. L. Bianchi,* for the plaintiff Murphy.

DONAHUE, J.　The plaintiffs, while engaged in the performance of their duties as police officers of the city of Worcester, were injured in a collision of two motor vehicles, one of which was operated by the defendant. The finding that the defendant is liable to the plaintiffs for injuries resulting from his negligence is not now questioned. The defendant's requests for rulings, which were denied by a judge of the Superior Court who heard the cases on an auditor's reports, raise only the question whether the judge in the assessment of damages erred in not taking into account the fact that during the disability of the plaintiffs they were paid their wages by the city.

Each of the plaintiffs as a result of the defendant's negligence was for a time entirely incapacitated for labor. Then, as to each, there was a period during which he continued to be unable to perform his ordinary duties as a patrolman but was able to do and did do other and less exacting work for the police department. Each was paid one half his regular pay for the first three weeks of his disability and thereafter received his regular pay during the period while he was unable to do his work but was able to and did perform other work for the police department. The rules and regulations of the Worcester police department, which the auditor found "in certain respects deal with and control the employment, duties and compensation of members of the police force," contain a provision that "When officers are absent from duty on account of sickness or injury which is certified to" by an approved physician, "half pay for lost time will be allowed for a period not exceeding thirty days" and further provide that "When Police Officers are absent from duty on account of sickness or injury caused by unusual exposure or exertion while on duty, and such sickness or injury is certified to by" an approved physician, "full pay for loss of time will be allowed." The auditor found as to each plaintiff that "conforming to these rules

and by virtue of their provisions, he received . . . pay" as above stated.

The power of the plaintiffs to work was entirely taken away from them during some weeks immediately following their accident. That power was lessened during the later period while they continued to be unable to perform their regular duties as patrolmen. These were direct results of the defendant's negligence for which they are entitled to compensation from the defendant. Among the consequences of personal injury negligently caused for which an injured party is entitled to be compensated by the wrongdoer is the loss or any lessening of his ability to work. *Hendler* v. *Coffey*, 278 Mass. 339. *Millmore* v. *Boston Elevated Railway*, 198 Mass. 370. The process of ascertaining the amount of compensation to be awarded for impairment of the capacity to work requires, first, the determination of the extent to which such capacity has been diminished and, second, the fixing of the amount of money which will compensate for the determined extent of impairment. The difference between the amount of wages or salary a person has been receiving before being injured through the negligence of another and the amount received as wages or salary after his injury is not necessarily the equivalent in money of the injury done to his capacity to labor. Without any testimony as to the plaintiff's wages or salary the evidence in a case may be such that the extent of the impairment of his working capacity can be measured in dollars and cents by a fact finding tribunal. *Cross* v. *Sharaffa*, 281 Mass. 329. In this Commonwealth a plaintiff seeking damages for personal injuries is not entitled to recover as such the wages he has lost as the result of his injury. *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485, 493, and cases cited. But the difference between the amounts which one has earned and received before and after an injury generally affords some indication of the economic value of his loss through the impairment of his working capacity (*Murdock* v. *New York & Boston Despatch Express Co.* 167 Mass. 549), and evidence of loss of wages or salary is admissible on that issue.

Under the rule of damages followed in the present cases the amounts paid by the city to the plaintiffs following their injuries were disregarded. The auditor found that during the periods in which these payments were made the plaintiffs were in fact unable to perform their ordinary and regular duties as patrolmen. They were, however, paid by the city the amounts that they would have received had they been able to perform and in fact had performed those duties. The amount of the payments was not fixed on the basis of their capacity to labor during the periods when the payments were made. The payments were made not because they were earned by the plaintiffs but under rules and regulations of the police department which provided for the payment of their wages to police officers who are absent from duty because of sickness or injury. Under those rules and regulations the amount payable to a police officer so absent from duty would be the same whether he was totally incapacitated from doing any kind of work or only disabled from performing his regular duties. The fact that payments were made by the city does not indicate the extent of the plaintiffs' disability or incapacity to labor. The amounts paid do not show their earning capacity after they were injured. We cannot agree with the contention of the defendant in effect that during the period when the plaintiffs received full pay from the city he is freed from his obligation to compensate them for the impairment of their capacity to labor caused by his negligence. A police officer in the condition described in the rules and regulations, if the required certificate is furnished by an approved physician, is entitled as of right to the payments there prescribed. That right is a part of his contract of employment. By rendering the services he is employed to perform he furnishes consideration for that as well as for other terms of the contract. The obligation to make such payments is included in the consideration furnished by his employer. A payment made under the rules and regulations is not for wages earned but for disability arising in the performance of duty.

Moneys received by an insured under the terms of a

policy providing accident or disability insurance do not diminish the damages which must be paid by one who has caused the insured's disability. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143. See also *International Trust Co.* v. *Boardman*, 149 Mass. 158, and cases collected in 18 Am. L. R. 683. The plaintiffs, who under a contract were entitled to disability payments from the city, ought not in reason to be held to be in any other position than if the payments came from an insurance company under a policy providing accident or disability insurance. *Heath* v. *Seattle Taxicab Co.* 73 Wash. 177. There is no joint relationship between the city, whose obligation to the plaintiffs arises under a contract of employment providing for payments to a police officer absent from duty because of sickness or injury due to any cause, and the defendant, whose obligation originates in his wrongful conduct. The duty imposed by law upon him is to compensate the plaintiffs for all the damage done by his negligence, including impairment of earning capacity. That obligation is not fulfilled because it happens that the plaintiffs have a contract with the city which entitles them to be indemnified by disability payments during absence from duty. Compensation for the defendant's wrong is not thereby furnished by the defendant. Such payments by the city do not concern and should not benefit the defendant. They have no bearing on his liability or upon the extent of the plaintiffs' injury nor do they afford a measure of the plaintiffs' working capacity during their disability. The fact that such payments were made, and their amount, were rightly disregarded by the judge in estimating the plaintiffs' damages. That was in accord with the weight of authority in this country. *Elmer* v. *Fessenden*, 154 Mass. 427. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143. *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485. *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282, 286. See *Geraty* v. *Kaufman*, 115 Conn. 563; *Rusk* v. *Jeffries*, 110 N. J. L. 307; *Illinois Central Railroad* v. *Porter*, 117 Tenn. 13; *Heath* v. *Seattle Taxicab Co.* 73 Wash. 177; *Campbell* v. *Sutliff*, 193 Wis. 370. It has been held in some

jurisdictions that, where salary has been received as a matter of right and not as a gratuity from an employer, the damage recovered by the employee against a `tortfeasor must be diminished by the amount of such payments. See *Moon* v. *St. Louis Transit Co.* 247 Mo. 227; *Quigley* v. *Pennsylvania Railroad,* 210 Penn. St. 162. Where, as in this Commonwealth, recovery is had against a tortfeasor for the impairment of capacity to labor and not for wages as such, we see no ground for distinguishing between payments received as of right and those received as a gratuity. In the case of *Donoghue* v. *Holyoke Street Railway,* 246 Mass. 485, the distinction is referred to and to some extent discussed, but as pointed out in *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282, that decision does not rest upon the ground that, in an action for personal injuries, wages received as matter of right by the plaintiff during his disability may be shown to diminish the damages for impairment of his capacity to labor "and is not to be regarded as an authority to that effect."

What has been heretofore said makes it unnecessary to discuss in detail the defendant's requests for rulings.

*Exceptions overruled.*