**UNITED STATES v. GAIDYS et ux.**
**GAIDYS v. UNITED STATES.**

Nos. 4346, 4347.

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1952.

Morton Hollander, Atty., Department of Justice, Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., Max M. Bulkeley, U. S. Atty., Joseph N. Lilly, Asst. U. S. Atty., Denver, Colo., Paul A. Sweeney and Massillon M. Heuser, Attys., Department of Justice, Washington, D. C., on the brief), for the United States of America.

Julius M. Friedrich, Denver, Colo. (Bannister, Weller & Friedrich, and L. Ward Bannister, all of Denver, Colo., on the brief), for Joseph M. Gaidys et al.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Joseph M. Gaidys and Juanita E. Gaidys, husband and wife, owned the property in which they resided, located approximately one and one-half miles from Lowry Air Force Base at Denver, Colorado. An air force jet plane owned by the United States and operated by an air force pilot took off from Lowry Base and a few seconds later crashed at a residence two doors from the home of the Gaidys. Burning parts of the plane and flaming fuel were thrown or fell on the property belonging to the Gaidys. The residence, some of its contents, and the fence were partially destroyed; the lawn was damaged; the family automobile also was damaged; and both of the Gaidys sustained personal injuries. This action was instituted against the United States to recover under the Tort Claims Act, as amended, 28 U.S.C.A. §§ 1346(b), 2671–2680. Three claims or causes of action were pleaded in the complaint. The first was based upon negligence in the maintenance and operation of the plane; the second was based upon the presumption arising from the doctrine of res ipsa loquitur; and the third was based upon trespass. By answer, the United States admitted the crash of the plane while being piloted by an officer of the air force acting within the scope of his employment; admitted that parts of the plane and flaming fuel were thrown upon the property of plaintiffs; denied negligence in the maintenance or operation of the plane; denied that the facts were sufficient to warrant application of the doctrine of res ipsa loquitur; and denied wrongful trespass. Recovery on the first cause of action was denied for failure of proof of negligence. Recovery on the second cause of action was denied, it being the view of the court that the accident might have occurred without negligence in the maintenance or operation of the plane. On the third cause of action, judgment was entered

against the United States; but the amount awarded did not include anything for loss of time of plaintiff Joseph M. Gaidys from work. The United States appealed from the judgment against it, and plaintiff Joseph M. Gaidys perfected a cross appeal from the judgment insofar as it failed to award him recovery for loss of time from work.

The Government contends that the Military Claims Act, as amended, 31 U.S. C.A. § 223 et seq., is applicable to the property damage and personal injuries sustained as the result of the crash of the plane; that the remedy available under that Act is exclusive; and that therefore relief cannot be had under the Tort Claims Act. Under the Military Claims Act, the Secretaries of the Army and Air Force are authorized to consider and settle claims caused by non-combat military activities. Payment under the Act may be made through administrative channels covering sums not in excess of $1,000. Awards of more than $1,000 must be reported to Congress for payment through appropriations for that purpose. In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, it was held that persons in the military service of the United States cannot recover under the Tort Claims Act for injuries sustained as the result of negligence on the part of others in the armed forces. Reviewing with care the peculiar relationship existing between the Government and members of its armed forces, the court said in effect that there was nothing in the context or legislative history of the Tort Claims Act indicating a Congressional intent to bring within the scope of the Act claims of members in the military service arising from or incident to their service. In Lewis v. United States, D. C. Cir., 190 F.2d 22, it was held that a member of the United States Park Police cannot maintain an action under the Tort Claims Act for personal injuries sustained as the result of reckless and negligent conduct on the part of another member of the same force in the course of duty. It was said in effect that members of the United States Park Police Force, are civilian employees of the United States; that they are covered by the Fed-

eral Employees' Compensation Act, 5 U.S. C.A. § 751 et seq., and that the exclusive redress for injury suffered by a member of the force as the result of negligence on the part of another member is benefits under the Federal Employees' Compensation Act. And in two recent cases, Johansen v. United States, 2 Cir., 191 F.2d 162, certiorari granted 342 U.S. 901, 72 S.Ct. 292, and Mandel v. United States, 3 Cir., 191 F.2d 164, certiorari granted 342 U.S. 901, 72 S.Ct. 293, it was held that a civilian member of the crew of a ship owned and operated by the United States cannot maintain a suit against the Government under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., to recover damages for personal injuries sustained in line of duty; and that instead he must accept as sole compensation an award under the Federal Employees' Compensation Act. But an entirely different situation is presented here. These plaintiffs were not in the military service. They were not civilian employees of the United States. No relation of that kind existed between them and the Government. Their claims were well within the kinds and classes of claims for tort wrongs which Congress intended should be judicially determined under the Tort Claims Act. And there is no sustainable basis for the argument that the Act should be narrowed through the process of interpretation by excluding from its reach claims of the kind presented here merely because the plaintiffs might have submitted their claims to administrative consideration and action pursuant to the Military Claims Act. To narrow the Tort Claims Act in that manner would not be in harmony with the Congressional purpose in enacting it.

The further contention of the Government is that the mere operation of the plane above the property of plaintiffs did not constitute a trespass for which there was absolute liability; that the trespass was not intentional; and that therefore there was no basis on which to subject the Government to liability in damages, based upon trespass. Acting in full recognition of the fact that the ancient doctrine that ownership of the land extended to the periphery of the universe has no proper place in the modern world, Congress enacted the Air Commerce Act of 1926, 44 Stat. 568, 49 U.S.C.A. § 171 et seq., as amended by the Civil Aeronautics Act of 1938, 52 Stat. 973, 49 U.S.C.A. § 401 et seq. Under section 10 of the Air Commerce Act, the term "navigable airspace" is defined as airspace above the minimum safe altitudes of flight prescribed by the Secretary of Commerce; and under section 1(24) of the Civil Aeronautics Act, the term is defined to mean airspace above the minimum altitudes of flight prescribed by regulations issued under the Act. Exercising the power vesting in it, the Civil Aeronautics Authority provided by effective regulation that except when necessary for take-off or landing, the minimum safe altitude over cities shall be 1,000 feet above the highest obstacle within a horizontal radius of 2,000 feet from the aircraft, and 500 feet above other land areas. Title 14, chapter 1, section 60.-17, Code Federal Regulations. But this plane was not flying within a navigable airspace, as defined by the Civil Aeronautics Act. It was not being operated at a safe altitude of flight, as fixed by regulation of the Civil Aeronautics Authority. Although the plane was approximately one and one-half miles from the point of take-off at Lowry Base, for some unknown reason it was flying at an altitude of approximately 100 feet; and that was an unsafe altitude. If the plane had been flying at a safe altitude, perhaps questions more difficult of solution would be presented.

The Tort Claims Act subjects the Government to liability for torts in the same manner and to the same extent as a private individual under like circumstances, 28 U.S.C.A. § 2674. Since this crash occurred in Colorado, the liability of the Government under the Tort Claims Act is measured by the substantive law of that state. Carnes v. United States, 10 Cir., 186 F.2d 648. Section 14, Chapter 17, Colorado Statutes Annotated 1938 Supp., provides that sovereignty in the space above the lands and waters of the state is declared to rest in the state, except where assumed by the United States; section 15 provides that space above the lands and waters of the state is declared to be vested in the several

owners of the surface beneath, subject to the right of flight described in section 16; and section 16 provides that flight in aircraft over the lands and waters of the state is lawful, unless at such low altitude as to interfere with the then existing use to which the land or water is put by the owner, or unless so conducted as to be imminently dangerous to persons or property lawfully on the land or water, or in violation of the air commerce regulations which have been or may be promulgated by the Department of Commerce of the United States. There can be no doubt that under the law of Colorado a private individual would be liable in damages for injuries occurring under circumstances comparable to those shown here. And we are clear in the view that the flying of the plane below a safe altitude immediately adjacent to the property of plaintiffs, the crash, and the resulting injuries sustained by plaintiffs, constituted a redressible wrong in the nature of trespass for which the United States is similarly liable under the Tort Claims Act. Compare United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206.

Coming to the cross appeal, as has been previously said the right of recovery under the Tort Claims Act is measured by the substantive law of the state in which the tort occurred. Therefore, the question whether plaintiff Joseph M. Gaidys was entitled to recover damages for loss of time from work must be determined by the law of Colorado. Carnes v. United States, supra. Plaintiff Joseph M. Gaidys received in full from his employer the compensation or remuneration which he would have received if he had not been absent from his work. He suffered no diminution in compensation or remuneration from that source. It is the general rule in some states that receipt in full of wages, salary, or remuneration by plaintiff from his employer does not affect the extent of recovery from the defendant who was responsible for plaintiff's personal injury. Cunnien v. Superior Iron Works Co., 175 Wis. 172, 184 N.W. 767, 18 A.L.R. 667, and cases cited in notes; Shea v. Rettie, 287 Mass. 454, 192 N.E. 44, 95 A.L.R. 571, and cases cited in notes. Our attention has not been directed to any case in which the Supreme Court of Colorado explored and decided the question. But Koons v. Nelson, 113 Colo. 574, 160 P.2d 367, was an action for damages for personal injuries. Both plaintiff and defendant were members of the armed forces of the United States. Being a member of the armed forces, plaintiff received his usual compensation during incapacity. And the Government furnished him medical treatment and hospital care, without cost to him. The court said among other things that plaintiff had sustained no monetary loss of importance and that the judgment in his favor must have been based entirely upon pain and suffering. That statement amounts to a strong intimation that in Colorado damages cannot be recovered for loss of time where plaintiff received in full his usual compensation or remuneration from his employer. It must be treated as a foreshadow that the courts of the state will hold in a case of this kind that plaintiff cannot recover from defendant damages for loss of time from work if during incapacity he received from his employer his usual salary, compensation, or remuneration.

The judgment is affirmed.