**John A. PIGNATARO, an infant under the age of fourteen years, by Joseph A. Pignataro, his next friend, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 19304.**

United States District Court
E. D. New York.

April 9, 1959.

Robert S. Buttles, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for defendant, James M. FitzSimons, New York City, of counsel.

ZAVATT, District Judge.

■ This is a motion to dismiss the complaint which is brought under the Federal Tort Claims Act. The complaint alleges that on or about January 25, 1954 the plaintiff, who was then fourteen months of age, was a passenger with his father and other members of his family on a flight from Dhahran, Saudi Arabia to Asmara, Eritrea aboard an unpressurized C–47 airplane owned by the defendant, and operated by it through the United States Air Force and under the supervision of the Air Transport Command. It is alleged that the airplane was negligently flown at an altitude far in excess of the reasonably safe limits for unpressurized aircraft on such a flight; that the defendant knew the dangers of such flight to the plaintiff; and that the "severe air pressure" at the high altitude caused the plaintiff to suffer a permanent "profound perceptive hearing loss and speech and language impairment." Although the complaint was not filed until December 23, 1958, it is alleged that the results of the defendant's claimed negligence were not and could not be discovered until the month of February, 1957.

■ The first ground of the motion to dismiss the complaint is that under 28 U.S.C.A. § 2680(k) an action may not be brought against the United States for a "claim arising in a foreign country." This was discussed in Spelar v. United States, 1949, 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3, under which decision it appears that the instant complaint must be dismissed. There it was held that "By the exclusion of 'claims arising in a foreign country,' the coverage of the Federal Tort Claims Act was geared to the sovereignty of the United States." 338 U.S. 217 at page 219, 70 S.Ct. 10 at page 11. The test in determining whether a claim is excluded by section 2680(k) is whether the place in which it arose was territory subject to the sovereignty of another nation, and whether the liability asserted is one depending upon the laws of a foreign power. Cf. Cobb v. United States, 9 Cir.,

1951, 191 F.2d 604, certiorari denied 1952, 342 U.S. 913, 72 S.Ct. 360, 96 L. Ed. 683.

■ The complaint does not state the place at which the negligent act is alleged to have occurred, despite the fact that "Local law must be pleaded since the Federal Tort Claims Act permits suit only 'where the United States, if a private person, would be liable * * in accordance with the law of the place where the act or omission occurred.'" United States v. Spelar, supra, 70 S.Ct. at page 11, fn. 3. Under the Act the United States is subjected to liability for torts in the same manner and to the same extent as a private individual under like circumstances. The liability of a private individual under like circumstances would be measured by the lex loci delicti, Komlos v. Compagnie Nationale Air France, 2 Cir., 1953, 209 F. 2d 436, certiorari denied, 1954, 348 U. S. 820, 75 S.Ct. 31, 99 L.Ed. 646; Noel v. Linea Aeropostal Venezolana, D.C.S. D.N.Y.1956, 144 F.Supp. 359, 361; Ibid., 2 Cir., 1957, 247 F.2d 677, certiorari denied, 1957, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262, and the liability of the United States under the Federal Tort Claims Act is so gauged. United States v. Praylou, 4 Cir., 1953, 208 F.2d 291, certiorari denied, 1954, 347 U.S. 934, 74 S.Ct. 628, 98 L.Ed. 1085; United States v. Gaidys, 10 Cir., 1952, 194 F.2d 762. Recognizing that it is within the concept of sovereignty that every nation has the power to control the air space over its territory, cf. 49 U.S.C.A. § 1508(a); Convention on International Civil Aviation, Art. 1, 61 Stat. 1180; United States v. Batre, 9 Cir., 1934, 69 F.2d 673, 675, if the defendant's alleged tortious act occurred over *some* foreign country the claim is one "arising in a foreign country" and barred by 28 U.S.C.A. § 2680 (k) under the principles set forth in Spelar.

The complaint will be dismissed on the ground that it fails to set forth the local law upon which the claim is grounded, and on the further ground that if such is the law of a foreign country the

claim is barred by 28 U.S.C.A. § 2680 (k). In the view I take of this matter it is unnecessary to pass upon the second ground of the defendant's motion, to wit, that the claim is barred under 28 U.S.C.A. § 2401(b) as not having been commenced within two years after it accrued.

Settle order on notice.