Eula ALBERS, Appellant (Plaintiff),

v.

Roberta L. GEHLERT and Milton Gehlert, Respondents (Defendants).

No. 51697.

Supreme Court of Missouri,
Division No. 1.

Dec. 12, 1966.

Motion for Rehearing or for Transfer
to Court En Banc Denied
Dec. 30, 1966.

A. Robert Belscher, St. Louis, Donald S. Hilleary, Clayton, for appellant.

F. X. Cleary, Paul S. Brown, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondents (defendants).

WELBORN, Commissioner.

Action for $35,000 damages for personal injuries sustained by plaintiff in fall on sidewalk at defendants' residence. Plaintiff appeals from directed verdict in favor of defendants at close of plaintiff's case.

Roberta L. Gehlert and Milton Gehlert, her husband, were owners and occupants of a residence at 122 Morningside Drive in Kirkwood. They had purchased a Frigidaire electric washing machine and were to receive a demonstration of its operation. Plaintiff Eula Albers performed such demonstrations by arrangement with the Frigidaire Sales Company. On January 24, 1962, Mrs. Albers telephoned Mrs. Gehlert and arranged to come to the Gehlert resi-

dence the next day and demonstrate the operation of the washing machine.

At about 9:00 A.M. on January 25, Mrs. Albers drove to the Gehlert residence and parked on the street in front of the house. Snow, which had fallen several days previously, covered the ground, but the Gehlert's driveway was free from snow. Mrs. Albers walked up the driveway to a side door of the Gehlert's house. She received no response to her knock at that door so she took a walk leading from the driveway to the front door of the house. A few steps before she got to the front door, "all of a sudden it looked like the ice * * * was sprinkled over it like a finger out over the sidewalk."

Mrs. Albers reached the front door and rang the doorbell. Mrs. Gehlert answered. After plaintiff had introduced herself, Mrs. Gehlert noticed that plaintiff's car was parked in a fire lane. She suggested that plaintiff move her auto and told plaintiff that she could park in the driveway.

According to plaintiff, "I told her that there was ice on her walk near the steps and could I please come through and use the side door. She said, 'when you come back in I will leave you in the side door;' with that she closed the door. * * * So I turned and started back down the sidewalk which is only just a few steps to the ice and my heel caught on some of this ice and it seemed to be melting and running and I slipped all the way into the driveway. * * * Mrs. Gehlert ran out. * * * and said, 'why didn't I let you come through * * * I wish this had been me instead of you. * * *'" The nature of plaintiff's injury is not here significant.

On this appeal, plaintiff contends that the trial court should not have ordered a directed verdict for defendants "because the evidence most favorable to the plaintiff shows that the defendants were negligent in the act of closing the door and refusing plaintiff (a business invitee) a safe passage through the house at plaintiff's request, because the defendants knew, or should have known that to so refuse the plaintiff would force her to encounter the danger of the icy front sidewalk and probably be injured."

Plaintiff's position is that Mrs. Gehlert's refusal to permit plaintiff to go through the house was negligence as described in 2 Restatement of Torts, 2d, § 302(b), p. 82. That work states: "A negligent act * * * may be one which involves an unreasonable risk of harm to another through * * * (b) the foreseeable action of the other, a third person, an animal, or a force of nature."

Defendants' position is that, whether or not defendants' conduct might have constituted negligence, there can be no liability because defendants owed no duty to plaintiff in the circumstances. In this connection, we note Comment a to § 302 of the Restatement, 2d, p. 82.

"This Section is concerned only with the negligent character of the actor's conduct, and not with his duty to avoid the unreasonable risk. In general, anyone who does an affirmative act is under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act. The duties of one who merely omits to act are more restricted, and in general are confined to situations where there is a special relation between the actor and the other which gives rise to the duty. * * * *If the actor is under no duty to the other to act, his failure to do so may be negligent conduct within the rule stated in this Section, but it does not subject him to liability because of the absence of duty.*"

◼ Conceding that plaintiff was an invitee and that the general duty owed an invitee is the exercise of reasonable care, defendants' position rests upon the often stated proposition that a possessor of land is not liable to an invitee for a condition on the land which is known or obvious to the invitee. § 343A, 2 Restatement of Torts, 2d, p. 218; Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369; Harbourn v. Katz Drug Com-

pany, Mo.Sup., 318 S.W.2d 226, 228–229 [1–3], 74 A.L.R.2d 938. Defendants point out that the ice on the sidewalk was obvious and known to plaintiff, as shown by plaintiff's own testimony. Therefore, they contend that there was no breach by defendants of any duty to plaintiff.

■ The basic reason behind excusing a possessor of land from liability to an invitee for known or obvious dangers is stated in the Restatement as follows (Comment e to Subsection (1), § 343A, 2 Restatement of Torts, 2d, p. 219):

"In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. *If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land.* The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them."

■■ In this case, the jury could have found from plaintiff's evidence that, although the condition had been observed by her, her encountering it on the occasion of her injury was not wholly a matter of choice, but was in effect dictated by defendants' refusal to permit plaintiff to use a safe alternative route of proceeding upon defendants' premises. In our opinion, plaintiff's evidence did present a question for the jury's determination of whether or not defendants' conduct, under the circumstances, met the standard of care imposed upon them. Plaintiff's knowledge of the

situation, in these circumstances, would not relieve defendants of their obligation to use due care, although it would, of course, bear on the issue of plaintiff's possible contributory negligence. Comment f, 2 Restatement of Torts, 2d, § 343A, p. 220; Prosser on Torts (3d ed.), § 61, p. 404.

■ Although, as defendants state, the conversation between plaintiff and Mrs. Gehlert gave rise to no new or additional duty on the part of defendants to plaintiff, that conversation could be found by the jury as putting Mrs. Gehlert on notice that to require plaintiff to return over the icy condition of the walk might involve an unreasonable risk of physical harm to plaintiff and require defendants' conduct to be judged in the light of such knowledge. The fact that plaintiff had only minutes before safely negotiated her passage over the ice would bear upon the reasonableness of defendants' action, but it would not require the conclusion that defendants' conduct did conform to the standard of care.

■ Defendants also contend that plaintiff's testimony shows that she was guilty of contributory negligence as a matter of law. Defendants state that plaintiff's evidence was that the ice covered an area of some two feet on a walkway two or three feet in width and contend that, if she thought the condition was dangerous, she could have stepped over or around it. We cannot find as a matter of law that plaintiff had such a safe alternative route along the sidewalk that her reencountering the icy condition was negligence on her part. Plaintiff sought an alternative route through the house. From this the jury might infer that there was no safe alternative along the walk. The evidence did show that there was a heavy snow cover on the yard which might not permit plaintiff to avoid the ice by walking around it. The description of the width of the ice was stated as an estimate and does not compel the conclusion that plaintiff could have

avoided the danger by the simple act of stepping across the icy area.

The judgment is reversed and cause remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C. is adopted as the opinion of the Court.

All of the Judges concur.