Helen M. HUNGATE, Appellant,

v.

The UNITED STATES of America, Appellee.

No. 79–1897.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1980.

Decided July 23, 1980.

Michael A. Katz, Collinsville, Ill., for appellant.

Amy R. Reichman, Kortenhof & Ely, St. Louis, Mo. (argued), and Joseph M. Kortenhof, St. Louis, Mo., on brief, for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and WRIGHT,* District Judge.

---

* The Hon. SCOTT O. WRIGHT, United States District Judge for the Western District of Mis-

SCOTT O. WRIGHT, District Judge.

This is an appeal from the final order and judgment of the district court dismissing plaintiff's complaint. Plaintiff brought this suit in the district court under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), to recover for personal injuries sustained when she fell on the sidewalk adjacent to the "Mart Building," owned by the federal government and maintained by the General Services Administration.

Plaintiff's third amended complaint, which was dismissed by the district court, is in two counts. Both allege that plaintiff's fall was due to an accumulation of ice and snow on the sidewalk. Count I alleges that the accumulation of ice and snow was caused by the acts of the government through its employees who in the course of their employment traversed the sidewalk packing the ice and snow and causing it to be come slick and hazardous. Count II alleges that the government made a special use of its sidewalk area because the Mart Building was the only building on the block, and because there was only one entrance open to the building.

■ In actions brought pursuant to 28 U.S.C. § 1346(b), liability is imposed upon the government in accordance with the law of the place where the act or omission occurred. *See Pignataro v. United States,* 172 F.Supp. 151 (E.D.N.Y.1959). In order to withstand a motion to dismiss, these allegations must set forth a claim upon which relief can be granted under the law of Missouri.

■ In Missouri, a property owner is not liable for injuries caused by falls on natural accumulations of ice and snow on an abutting sidewalk. The municipality is solely responsible for maintaining the sidewalk in safe condition for travel. *Luettecke v. City of St. Louis,* 346 Mo. 168, 140 S.W.2d 45 at 49 (1940); *Stith v. J. J. Newberry Company,* 336 Mo. 467, 79 S.W.2d 447 at 453 (1934). This rule, however, is not absolute, and the

souri, sitting by designation.

Missouri courts have carved out two exceptions.

An abutting property owner may be liable if he artificially creates, through negligence or affirmative action, a condition which makes passage unsafe. When the abutting property owner creates an artificial condition on the sidewalk, a duty of reasonable care to guard against injury to the public is imposed. *Luettecke v. City of St. Louis, supra; Stith v. J. J. Newberry Company, supra; Krause v. Laverne Park Association*, 240 S.W.2d 724 (Mo.App. 1951).

The second exception is the special use exception. If an abutting property owner makes use of the sidewalk for something other than a sidewalk, and this use makes it more dangerous when slick or wet, liability may be imposed. *Fletcher v. North Mehornay Furniture Company*, 359 Mo. 607, 222 S.W.2d 789 (1949); *State v. Hostetter*, 348 Mo. 841, 156 S.W.2d 673 (1941); *Martin v. Gilmore*, 358 S.W.2d 462 (Mo.App.1962). In summary, to state a claim against an abutting property owner under Missouri law, a plaintiff must either allege that defendant created an artificial condition which caused the danger, or that defendant made a special use of the sidewalk which increased the danger or created the hazardous condition.

The question before this Court is whether either of these allegations were sufficiently set forth in plaintiff's third amended complaint to withstand a motion to dismiss under the federal rules of pleading.

The federal rules of pleading are very liberal, and summary dismissal of a civil action on the basis of the pleadings alone is a drastic remedy in federal practice. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fact pleading is not required,[1] and "a complaint should not dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 at 45–46, 78 S.Ct. 99 at 102, 2 L.Ed.2d 80 (1957). In order to show that the pleader is entitled to relief, he must show, at a minimum, the prima facie elements of his claim. *United States v. Employing Plasterers' Association*, 347 U.S. 186 at 189, 74 S.Ct. 452 at 454, 98 L.Ed. 618 (1954); *Local 1852 Waterfront Guard Association v. Amstar Corporation*, 363 F.Supp. 1026 at 1030 (D.Md.1973); *Daves v. Hawaiian Dredging Company*, 114 F.Supp. 643 (D.Hawaii 1953). And, if the facts, alleged or assumed within the framework of the complaint, show that the claim is without merit, summary dismissal of the complaint for failure to state a claim is appropriate. *Hoshman v. Esso Standard Oil Company*, 263 F.2d 499 at 502 (5th Cir.), *cert. denied*, 361 U.S. 818, 80 S.Ct. 60, 4 L.Ed.2d 64 (1959). While the federal courts should remain sensitive to the liberal federal rules of pleading, they should remain equally sensitive to the mandate of Rule 1 to "secure the just, speedy, and inexpensive determination of every action." Meritless claims should be disposed of at the first appropriate opportunity.

Plaintiff's third amended complaint in this case was dismissed by the district court because the facts alleged in the complaint showed beyond doubt that plaintiff's claim was without merit, and she would not be entitled to relief. This Court concurs with that judgment.

Plaintiff alleged that defendant created the hazardous condition through its employees who packed the snow into ice by traversing the sidewalk, thereby making it slick and dangerous. This only alleges that the dangerous condition was created by travel on the sidewalk, and Missouri law

---

1. [W]here a bona fide complaint is filed that charges every element necessary to recover, summary dismissal of a civil case for failure to set out evidential facts can seldom be justified. If a party needs more facts, it has a right to call for them under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.

C.A. And any time a claim is frivolous an expensive full dress trial can be avoided by invoking the summary judgment procedure under Rule 56.
*United States v. Employing Plasterers' Ass'n*, 347 U.S. 186 at 189, 74 S.Ct. 452 at 454, 98 L.Ed. 618 (1954).

clearly holds that the municipality, not the abutting property owner, is solely responsible for maintaining safe conditions for travel. Allowing one's employees to traverse the sidewalk does not fall within the "artificial condition" exception to the general rule.

Plaintiff also alleges that defendant made special use of the sidewalk because the Mart Building was the only building on the block and because there was only one entrance to the building, thereby forcing employees to use this one sidewalk to gain access to the building. This allegation merely confirms the fact that defendant was using the sidewalk as a sidewalk. The "special use" exception in Missouri only contemplates use of the sidewalk by the defendant for some purpose other than a sidewalk, such as a driveway. Both allegations in plaintiff's third amended complaint are unsupported by Missouri law, and on the face of the complaint, plaintiff clearly is not entitled to relief.

Plaintiff cites *Albers v. Gehlert*, 409 S.W.2d 682 (Mo.1966), and *Sutton v. Fox Missouri Theatre Company*, 356 S.W.2d 41 (Mo.1962), to support her claims. In *Sutton*, the Missouri Supreme Court held the abutting property owner liable for injuries sustained by a pedestrian when she tripped over a sign which was obscured by the dense crowd awaiting admission into the theatre. *Sutton* did not involve a fall on ice and snow, and a careful reading of the opinion reveals that one basis for the holding was the defendant's negligence in not controlling the crowd by requiring orderly lines to be formed to create a clear passageway. *Albers* involved a fall on ice and snow by a business invitee on private property, rather than on an abutting sidewalk. Both cases can be distinguished from this case on their facts, and neither case compels this Court to reach a different decision.

For the reasons stated, we affirm the district court.