Garsh, J.
The plaintiffs seek to preclude the defendants from referring to collateral source benefits. In a separate motion, Central Locating Service, Ltd. (“CLS”) and Richard Bray (“Bray”) seek to exclude testimony and reports by the plaintiffs’ expert economist concerning the plaintiffs’ lost earnings on the ground that the expert opinion lacks probative value because it fails to consider a collateral source of income: plaintiffs’ receipt from the Attleboro Retirement Board of death benefits in the full amount of their husbands’ salary for life pursuant to a special act of the Legislature passed on October 30, 1998.
Ordinarily, evidence that the plaintiff has received compensation for his injury from collateral sources is excluded because the receipt of such income does not reduce the plaintiffs damages and jurors might, therefore, be led by the irrelevant evidence to consider plaintiffs claims unimportant and to award less money in order to avoid what they may believe would otherwise result in an unjust double recovery. Corsetti v. Stone Co., 396 Mass. 1, 16-17 (1985); West v. Shawmut Design & Construction, 39 Mass.App.Ct. 247, 250 (1995).[5] The rationale for not permitting a tortfeasor’s liability to be reduced by the receipt of collateral source income is that if there is to be a “windfall,” the benefit should accrue to the injured party and not to the wrongdoer. Buckley Nursing Home, Inc. v. MCAD, 20 Mass.App.Ct. 172, 183, rev. den., 395 Mass. 1103 (1985).
The contention that evidence of the plaintiffs’ receipt of retirement death benefits is admissible because they are only required to reimburse two-thirds of their husbands’ salaries is not persuasive. Although the exclusion of evidence of collateral income often involves benefits which the plaintiff has a statutory or contractual obligation to reimburse from a third-party recovery, the requirement that there be such reimbursement is not a pre-requisite to application of the collateral source rule. See Shea v. Rettie, 287 Mass. 454, 458 (1934) (court applied collateral source rule to disability income payments which the plaintiff was entitled to receive under his employment contact because there was no common relationship between the employer and the defendant who had caused the plaintiffs injury). Indeed, if collateral benefits may be recaptured, there is no windfall to the plaintiff. Buckley Nursing Home, Inc., 20 Mass.App.Ct. at 184 n. 12. The rationale for the collateral source rule — "that if *433 there is to be a ‘windfall,’ such benefit should accrue to the injured party rather than to the wrongdoer," Jones v. Wayland, 374 Mass. 249, 262 (1978)—would be absurd if the rule applied only to benefits that must be reimbursed. Furthermore, the fact that the benefits at issue were bestowed upon the plaintiffs as a “gratuitous and benevolent gesture” by the Legislature does not take them outside the scope of the collateral source rule. As set forth below, comments b and c to the Restatement (Second) ofTorts §920A (1977),[6] cited with support in Buckley Nursing Home, Inc., 20 Mass.App.Ct. at 183, make clear that under the collateral source rule, benefits need not be reimbursable and the rule applies to benefits established by law, including pensions under special retirement acts:
Payments made or benefits conferred by other sources are known as collateral-source benefits. They do not have the effect of reducing the recovery against the defendant. The injured party’s net loss may have been reduced correspondingly, and to the extent that the defendant is required to pay the total amount there may be double compensation for a part of the plaintiffs injury. But it is the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor. If the plaintiff was himself responsible for the benefit, as by maintaining his own insurance or by making advantageous employment arrangements, the law allows him to keep it for himself. If the benefit was a gift to the plaintiff from a third party or established for him by law, he should not be deprived of the advantage that it confers. The law does not differentiate between the nature of the benefits, so long as they did not come from the defendant or a person acting for him. One way of stating this conclusion is to say that it is the tortfeasors’ responsibiliiy to compensate for all harm that he causes, not confined to the net loss that the injured party receives . ..

The rule that collateral benefits are not subtracted from the plaintiff’s recovery applies to the following types of benefits:

Social legislation benefits. Social security benefits, welfare payments, pensions under special retirements acts, all are subject to the collateral-source rule.
Restatement (Second) of Torts §920A, comments b & c (1977) (emphasis added).
The retirement death benefits at issue were established by a special act of the Legislature. They do not reduce the defendants’ liability, even though a windfall to the plaintiffs may result.
ORDER
Accordingly, it is ORDERED that the Plaintiffs’ Motion in Limine to Preclude Defendants from Referring to Collateral Source Benefits is ALLOWED and that Central Locating Service, Ltd. and Richard Bray’s Motion in Limine to Exclude Testimony from the Plaintiffs’ Expert Economist Concerning Bernard Hewitt’s and Lawrence Poncin’s Lost Earnings is DENIED.

Evidence of collateral source income may be admissible, in the trial judge’s discretion, where it is probative of a relevant proposition, such as malingering or the credibility of a particular witness. Corsetti, 396 Mass. at 17-18; West, 39 Mass.App.Ct. at 251. The malingering exception is inapplicable here. Moreover, at this stage, there is no reason to assume that the plaintiffs or their expert will interject the plaintiffs’ financial condition in the case beyond presenting evidence as to the amount of financial support received by the plaintiffs from their spouses before the accident and the amount it was reasonably probable they would have received had there been no accident. If a witness’ testimony makes the collateral source income relevant to credibility, the defendants may seek leave of court to bring such evidence to the jury’s attention.

“Payments made to or benefits conferred on the injured party from . . . sources [other than the tortfeasor or by a person acting for him] are not credited against the tortfeasor’s liability, although they cover all or a part of the harm for which the tortfeasor is liable.” Restatement (Second) of Torts §920A(2) (1977).